McCLURE PINE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 37009, 41314.   Promulgated August 13, 1930.

*George E. H. Goodner, Esq.,* and *Walter K. Smith, Esq.,* for the petitioner.

*John D. Foley, Esq.,* and *John A. Lyons, Esq.,* for the respondent.

OPINION.

TRAMMELL: The issue in these proceedings is what is a reasonable deduction allowable on account of the exhaustion, wear and tear of petitioner's plant. It is conceded that the unit-of-production method if properly applied will result in a reasonable allowance. In the use of this method the parties differ only in the determination of the amount of timber available, and this question is further narrowed to the question as to whether the 60,000,000 feet of timber in the Hunter-Benn & Co. tract was in fact available to the petitioner.

The Commissioner takes the position that this timber, while not owned by the petitioner, was available to it, and that that amount should be added to the timber owned in determining the rate of depreciation on the plant upon the unit-of-production method.

On this question, there is testimony that the petitioner had undertaken to purchase this tract of timber, but had been unable to do so. In 1924 the contract was entered into whereby the petitioner was to sell its plant to another corporation to be organized—the Bassett Lumber Co., to cut the Hunter-Benn tract. In 1925 this contract was carried out, the Bassett Lumber Co. was organized and the petitioner conveyed to that company its plant, and that company from July 28, 1925, carried on the business of cutting the timber. There is no testimony that any other timber was in the vicinity of the petitioner's mill or that it could have acquired any other tract. We think that it is unimportant that the petitioner sold its mill and plant in 1925 to another corporation. There is no question involved in this proceeding as to any gain or loss on that sale, but that sale does not indicate that the petitioner had available to it any timber other than that owned by it. We think that the preponderance of the testimony in this case overcomes the presumption attached to the respondent's determination that the additional timber was available to the petitioner. On the other hand, the evidence is clear that it was not available to the petitioner. The fact that it was available to a new corporation, and that the petitioner's plant was conveyed to that corporation and was used for the purpose of cutting the timber, does not affect the availability of that timber to the petitioner.

It may well be that the fact that the plant was sold to a new corporation might affect any residual or scrap value which might have been estimated in determining the amount of depreciation on

the plant allowable, but this question is not involved. Neither party makes any contention with respect to that question.

Both parties rely upon the question as to the amount of timber available to the petitioner, and we think that no other conclusion can be reached than that this 60,000,000 feet in the Hunter-Benn tract was not available to the petitioner and should not be used or considered in the determination of the depreciation on its plant.

*Judgment will be entered under Rule 50.*